UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  0:22-cv-61289-WPD

**THOMAS PATTI,**

    Plaintiff,

v.

**CONVERGENT OUTSOURCING INC,**
and **T-MOBILE USA INC**,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO REMAND
AND MEMORANDUM OR LAW IN SUPPORT**

Pursuant to 28 U.S.C. §§ 1441, 1446(b), and 1447(c), Plaintiff Thomas Patti ("Plaintiff"), moves this Court for an order remanding the instant proceeding back to state court because the removal was defective and improper due to Defendant Convergent Outsourcing Inc's ("COI") failure to obtain the proper consent from Defendant T-Mobile USA Inc ("T-Mobile").

**POSTURE AND BACKGROUND**

1.    Plaintiff commenced the instant proceeding on June 7, 2022, by filing a Complaint in the Civil Division of the Circuit Court for the Seventeenth Judicial Circuit of the State of Florida, in and for Broward County against two defendants: COI and T-Mobile (the "Complaint"). *See* Doc. 1-1.

2.    On June 9, 2022, COI was served with the Complaint. Doc. 1-3 at 23 (Return of Service for COI).

3.    On June 10, 2022, T-Mobile was served with the Complaint. Doc. 1-3 at 26 (Return of Service for T-Mobile).

4. On July 11, 2022, COI filed a Notice of Removal in the United States District Court Southern District Court of Florida (the "Notice of Removal"). Doc. 1.

5. In the Notice of Removal, COI alleged that: "Upon information and belief, all defendants who have been properly joined and served in the State Court Action consent to removal." Doc. 1 at 2, ¶ 4.

6. To date, counsel for T-Mobile, co-defendant in this action, has not independently submitted any document demonstrating that T-Mobile consented to or joined in the petition for removal.

7. To exercise removal under U.S.C. § 1446(b), "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant."

8. The time period for join the removal and demonstrate consent expired on July 11, 2022, because T-Mobile was served on June 10, 2022, and T-Mobile was the last served defendant in this action. *See* 28 U.S.C. § 1446(b).

9. Plaintiff seeks an order remanding the case back to the Seventeenth Judicial Circuit in and for Broward County on the grounds that COI's removal was defective for T-Mobile's failure to properly join the removal pursuant to 28 U.S.C. § 1446(b).

## MEMORANDUM OF LAW

**(A)   STANDARD OF REVIEW**

10. The Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F. Supp. 1056, 1057 (S.D. Fla. 1994). "Any defect in the removal procedure is grounds for remand." Mitsui Lines, Ltd. v. CSX Intermodal Inc., 564 F. Supp. 2d 1357, 1359 (S.D. Fla. 2008); *see also* Russell Corp. v. American Home Assurance Co., 264 F. 3d 1040, 1044-49 (11th Cir. 2001).

Furthermore, "removal statutes must be strictly construed, and uncertainties are to be resolved in favor of remand." Doe v. Florida Int'l University Board of Trustees, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006), *citing* Whitt v. Sherman Int'l Co., 147 F.3d 1325, 1329 (11th Cir. 1998).

11. Removal statutes are strictly construed because "(1) The exercise of removal is in derogation of state sovereignty; (2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; (3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; (4) 28 U.S.C. Section 1446(b) is a statute of repose designed not to unduly delay trials." Hill v. Gen. Motors Corp., 654 F. Supp. 61, 62 (S.D. Fla. 1987). In order to avoid remand, the removing party bears the burden of showing that removal was proper. Doe v. Florida Int'l University Board of Trustees, 464 F. Supp. 2d 1259. 1261 (S.D. Fla. 2006); Kirby v. OMI Corp., 655 F. Supp. 219, 220 (M.D. Fla. 1987).

**(B)     PROCEDURE FOR REMOVAL (28 U.S.C. § 1446)**

12. Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within thirty (30) days of service of a pleading which sets forth a basis for removal. 28 U.S.C. § 1446(b). In lawsuits involving multiple defendants, this rule is applied by permitting an earlier served defendant to join in a later-served defendant's motion for removal. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1209 (11th Cir. 2008). Once the thirty day clock commences with the last served defendant, however, any earlier served co-defendant who wishes to join in the notice of removal must do so within the thirty day time limit. Mitsui Lines, Ltd. v. CSX Intermodal Inc., 564 F. Supp. 2d 1357, 1361 (S.D. Fla. 2008)(remanding case because codefendant failed to indicate its consent with written notice to the court until after the 30 day time period for removal had expired). Otherwise, the case will be remanded. Id.; Jones ex rel Bazerman v. Florida Department of Children & Family Services, 202 F. Supp. 2d 1352, 1355 (S.D. Fla.

2002)(remanding due to co-defendants untimely joinder, respectively filed 5 days and 9 days after the removal deadline). "Though the result may seem harsh, statutes that limit federal jurisdiction are always strictly construed and a procedural defect in removal - no matter how trivial or inadvertent is grounds for remand." Mitsui Lines, Ltd. v. CSX Intermodal Inc., 564 F. Supp. 2d 1357, 1361 (S.D. Fla. 2008): Williams v. Equifax Information Services, 359 F. Supp. 2d 1284, 1287(M.D. Fla. 2005)(remanding case on grounds that two separately filed notices of removal did not equate to a consent and joinder by the two defendants, and thus removal was defective).

**(C)     THE UNANIMITY REQUIREMENT (28 U.S.C. § 1441)**

13.     It is well settled that the unanimity rule requires that all defendants consent to and join a notice of removal to federal court in order for it to be effective. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202. 1207 (11th Cir. 2008); *see also*, Russell Corp. v. American Home Assurance Co., 264 F. 3d 1040; 1044 (11th Cir. 2001)(affirming remand on grounds that the removal had not complied with the unanimity requirement); In re: Ocean Marine Mutual Protection & Indemnity Assoc., Ltd., 3 F.3d 353 (11th Cir. 1993)(noting that all defendants must be joined in a notice of removal, and that such removal must be within the 30 day period); Woods v. Firestone Tire & Rubber Co., 560 F. Supp. 588, 590 (S.D. Fla. 1983)(holding that failure of all defendants to join in the petition for removal compelled the court to remand the action to state court). "If all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c) making removal improper." Smith v. Health Center of Lake City, Inc., 252 F. Supp. 2d 1336 1338-39 (M.D. Fla. 2003).

14.     Furthermore, in order to be considered to have joined in and consented to a notice of removal, a co-defendant must inform the Court of its consent and joinder in a manner that is (1) *timely* and (2) *binding*. Mitsui Lines, Ltd. v. CSX Intermodal Inc., 564 F. Supp. 2d 1357, 1359

(S.D. Fla. 2008)(remanding a case for co-defendant's failure to indicate its consent with written notice to the court, or any other binding action, within the 30-day time period for removal). As explained in Nathe v. Pottenberg:

> Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign.

931 F. Supp. 822 (M.D. Fla. 1995)(remanding case on the grounds that the removal was deficient due to co-defendant's failure to timely join the removal within the required 30 days). Accordingly, it is not sufficient for the removing defendant to merely assert that all defendants consent to removal, rather, each defendant must consent to removal for itself. Id. at 1360-61; *see* Jones ex rel Bazerman v. Florida Department of Children & Family Services, 202 F. Supp. 2d 1352, 1355 (S.D. Fla. 2002)("several district courts have addressed this same issue and found that 'the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder"); Smith v. Health Center of Lake City, Inc., 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003)(holding that the notice for removal signed by one defendant's counsel was insufficient to show that all defendants consented to removal, regardless of signing counsel's averments that "all defendants concur in this removal")

15. Although circuit courts have not often addressed the issue of timely consent by all defendants because orders of remand are not reviewable on appeal, the Fifth Circuit has stated:

> But there must be **some timely filed written indication** from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has **actually consented to such action. Otherwise there would be nothing on the record to "bind" the allegedly consenting defendant.**

Id. at 1360-61 (*emphasis in original*) (*quoting* Getty Oil Corp. v. Insurance Co. of N.A., 841 F. 2d 1254, 1262 n. 11 (5th Cir. 1988)).

16. With respect to the present matter, it is well established that "[i]f all defendants do not consent to removal, this constitutes a defect in removal procedure under 28 U.S.C. § 1447(c) making removal improper." Smith, 252 F. Supp. 2d 1336 1338-39 (M.D. Fla. 2003). Although COI stated in the Notice of Removal that "all parties consented to the removal," Doc. 1 at 2, ¶ 4, the Notice of Removal was nonetheless fatally defective because T-Mobile did not file any written indication that it (T-Mobile) consented to, and otherwise joined, in the removal. As exemplified by Senior Judge Kenneth A. Marra in Lennar Homes, Ltd. Liab. Co. v.Mid Continent Cas. Co.:

> To show that all defendants have consented to removal and, thus, that the rule of unanimity has been followed, courts have held that the removing defendant must do more than simply state in the removal notice that all defendants consent to removal." *Smith v. Health Center of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003); accord *Getty Oil Corp. v. Insurance Co. of N.A.*, 841 F.2d 1254, 1262 n. 11(5th Cir. 1988)(Each defendant must consent to removal for itself. There must be some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf with authority to do so. Otherwise there would be nothing on the record to bind the allegedly consenting defendant.).

No. 11-80283-CIV-MARRA/JOHNSON, 2011 U.S. Dist. LEXIS 61167, at *5 (S.D. Fla. June 8, 2011).

17. T-Mobile was served on June 10, 2022, Doc. 1-3 at 26, and was otherwise the last defendant served, thus, in light of the 30-day deadline, T-Mobile had until July 11, 2022, to submit *some* written indication that it (T-Mobile) consented to the removal. As the bare record illustrates, however, T-Mobile did not file or make any written indication that it (T-Mobile) consented to, or otherwise joined in, the Notice of Removal within the 30-day time period. The lack of binding action by T-Mobile constitutes a lack of consent thereby rendering the removal defective. Simply put, the statement made by COI that "Upon information and belief, all defendants who have been

properly joined and served in the State Court Action consent to removal," Doc. 1 at 2, ¶ 4, does not alone qualify as consent to the removal by T-Mobile.

18.     In this light, COI's Notice of Removal is fatally defective. The statement made by COI "on information and belief and on behalf of all defendants" does not amount to or equate to consent by T-Mobile to remove or joinder in the removal. T-Mobile's objective lack of action to show consent to the removal does not "bind" it on the record and, therefore, removal was improper and this case must be remanded.

## CONCLUSION

The well-established law regarding the strict application of the removal statute to petitions or removal, the strict 30-day time period for removal under 28 U.S.C. § 1446, and the unanimity requirement under 28 U.S.C. § 1441, requires that this Court grant Plaintiff's Motion to Remand, and enter an Order remanding the case to State Court.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order remanding the instant proceeding back to the circuit court for Broward county, Florida, award Plaintiff reasonable attorney's fees and costs pursuant to 28 U.S. Code § 1447(c), and any further relief this Court deems fair and just.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel represents that he conferred with counsel for Defendants, of whom stated that Defendants opposes relief sought herein.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: July 27, 2022

Respectfully Submitted,

 /s/ Victor Zabaleta
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3325 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Victor Zabaleta
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517